1449

Virginia T. HARLAN, Respondent v. William Wade HARLAN, Appellant.
(389 S. E. (2d) 165)

Court of Appeals

*Earl R. Gatlin,* of *Hayes, Brunson & Gatlin,* Rock Hill, *for appellant.*

*Charles B. Ridley, Jr.,* of *Ridley, Ridley & Burnette,* Rock Hill, *for respondent.*

Submitted Dec. 13, 1989.

Decided Jan. 22, 1990.

CURETON, Judge:

This is a domestic case with multiple issues on appeal. The parties were married for eighteen years and have four children. The family court granted the wife a divorce and awarded her custody of the children. She received a monthly

award of $1,800 in alimony and $1,000 in child support. She was also awarded exclusive possession of the marital residence until the youngest child reached majority. Various items of marital property were valued and distributed by the court. The husband has appealed.

In a domestic case this court has jurisdiction to make its own findings of fact based upon the preponderance of the evidence. *Bochette v. Bochette*, 300 S. C. 109, 386 S. E. (2d) 475 (Ct. App. 1989). We address the issues separately. We affirm in part, affirm as modified in part, and reverse in part.

## LIFE INSURANCE

The family court ordered the husband to make the wife the beneficiary of his $150,000 life insurance policy. She was to remain the beneficiary until no child was receiving support or engaged in his or her college education.

Husband argues the court erred in requiring the life insurance. We agree. The family court may require a supporting spouse to maintain a life insurance policy naming the child as beneficiary to insure the continued support of the child. However, this requirement must be based on justice, equity, and compelling reasons. *Ivey v. Ivey*, 286 S. C. 315, 334 S. E. (2d) 123 (Ct. App. 1985). The children are not the named beneficiaries of the policy in this case. Further, we do not find a compelling reason for the requirement of life insurance. Mr. Harlan has sufficient income to maintain this obligation. Although there is some indication he was in arrears in temporary support payments, we do not find this arrearage significant given the total level of support paid by Mr. Harlan. We reverse the requirement of life insurance.

## MARITAL RESIDENCE

The parties owned a home where the wife and four children were residing at the time of the hearing. The wife submitted an appraisal of the home which valued it at $137,206. The husband valued the real estate at $90,000. There were two mortgages on the property totaling $65,400. The court accepted the wife's appraisal of the residence. The court held the wife was entitled to continue to reside in the

marital home with the children until the youngest child was eighteen or out of high school, whichever was later. At that time the house was to be sold and the proceeds divided equally between the Harlans. Mrs. Harlan was held responsible for the payment of the mortgages and insurance. Both parties were to divide the cost of taxes and major repairs of the home.

Mr. Harlan argues the court erred in awarding exclusive possession of the home to the wife. He also excepts to the requirement he participate in the payment of taxes and repairs. Further, he asserts Mrs. Harlan did not request an equitable division of the home and is therefore not entitled to the fifty percent interest awarded by the court.

We find no error in the award to Mrs. Harlan of a fifty percent interest in the residence. The marriage lasted eighteen years. She worked a significant portion of that time. She was also the primary caretaker of the children since Mr. Harlan traveled a great deal. Mr. Harlan argues the pleadings did not request a division of the equity in the home. However, the issue of equitable division was generally raised by the pleadings of the parties and the specific issue of equitable division of the marital residence was raised in testimony. We also find no error in the court's acceptance of the value of the residence given by Mrs. Harlan based on an appraisal of the home. Since Mrs. Harlan will be responsible for both mortgage payments and insurance we also find no error in the requirement that Mr. Harlan pay one-half of the taxes and major repair expenses.

The family court may award exclusive use and possession of the marital residence as an incident of support. In making such an award the court is to balance competing interests between the claim of the dependent spouse and/or children for exclusive possession against the claim of the non-occupying spouse for his share of the marital home. The court should consider such factors as (1) the need for adequate shelter for minors; (2) suitable housing for a handicapped or infirm spouse; and (3) the inability of the occupying spouse to otherwise obtain adequate housing. In making an award the court must make the award for a reasonable time based on the circumstances warranting the award in the first instance. *Johnson v. Johnson*, 285 S. C.

308, 329 S. E. (2d) 443 (Ct. App. 1985).

In this case the court awarded approximately thirteen years of exclusive use to the wife and children. There are four children ranging in age from eighteen to five. There is a need for adequate shelter for the children and we agree some period of exclusive use and possession is warranted. Based upon our review of the record, we modify the order of the family court to provide Mr. Harlan may petition the family court for modification of this exclusive use provision after the two oldest children reach the age of majority. The family court may then consider if there is the need to continue the exclusive use.

## CREDIT CARD DEBTS

The family court's written order required Mr. Harlan to pay outstanding charge card and charge account expenses incurred by the family to date. The hearing was held on December 10, 1987, and the final order was issued on March 10, 1988. Mr. Harlan asserts it was error to require him to pay charge card and account expenses after the date of the hearing. Mrs. Harlan asserts the order does not require such payments. We clarify the lower court order to require Mr. Harlan to pay outstanding charge card debts and charge account expenses existing as of the date of the hearing.

## DETECTIVE FEES

The family court ordered Mr. Harlan to pay $1,805 in detective fees incurred by Mrs. Harlan. Mr. Harlan argues this was error because she did not request this relief in her pleading and the award was excessive. Mrs. Harlan did not request costs and expenses in her pleading. We find it was error in this case to award detective fees since the relief was not requested.

## CHILD SUPPORT

The Harlans have four children. The court ordered child support in the amount of $1,000 per month. The court also stated that the emancipation of the oldest child would not constitute a change in circumstances so as to constitute a ground for reduction in support even though the child remained in the mother's household. This child was a

senior in high school at the time of the hearing.

We find no error in the $1,000 award of child support. The court adequately considered the needs of the children as well as the abilities of both parents to support them. Mrs. Harlan was working part-time at a bank making approximately $344 per month. Mr. Harlan had a gross monthly income of approximately $7,305. He received large income tax returns each year. Mr. Harlan did not dispute the figure of $3,654 per month which Mrs. Harlan reported as expenses for herself and the children. Mr. Harlan reported an excess of $2,800 per month in income after his expenses were computed. Given these figures we find the $1,000 per month child support award reasonable.

Mr. Harlan also excepts to the court's finding that emancipation of the oldest child will not constitute a change of circumstances. We agree this finding was error by the court. Such a finding with no apparent basis in the record is analogous to an improper automatic increase in child support without a showing of a change in circumstances. *See Shafer v. Shafer*, 283 S. C. 205, 320 S. E. (2d) S. E. (2d) 730 (Ct. App. 1984). We accordingly modify the order of the court to provide Mr. Harlan may petition for a modification of child support upon the emancipation of the oldest child. The family court may decide whether a change in circumstances has been demonstrated under the facts as they then exist.

## ALIMONY

Mr. Harlan asserts the court erred in awarding $1,800 in alimony as it was an excessive award particularly when considered in combination with the child support award and the award of exclusive possession of the marital home to Mrs. Harlan. We have already determined the child support award was reasonable and we have discussed the issue of possession of the marital home.

Mr. Harlan did not challenge the monthly expense figures presented by Mrs. Harlan. The record reflects Mr. Harlan has a substantial monthly income of approximately $7,300. After his expenses he computed an excess of $2,800. As noted above, he received substantial yearly income tax returns which he did not include in his income. Mrs. Harlan works

part-time as the youngest child gets home from school at noon. When Mrs. Harlan did work full-time during the marriage her highest income in any year was approximately $12,000. Considering all the relevant factors we concur with the finding of the family court on the amount of alimony.

## EQUITABLE DIVISION

Mr. Harlan asserts the family court erred in the equitable division by awarding Mrs. Harlan 53% of the marital assets while he received only 47%. The marital assets consisted primarily of the home, two automobiles, a boat, stocks, and personal property. Certain assets were specifically divided on a fifty-fifty basis such as the Dey Labs stock and the equity in the home. Each party was awarded an automobile and Mr. Harlan was awarded the boat.

*S. C. Code Ann.* Section 20-7-472 (Cum. Supp. 1989) delineates fifteen factors the court should consider in making an apportionment of marital property. Although the family court did not separately address these factors the record is sufficient to permit this court to review the evidence. Both parties are about the same age and in good health. The marriage lasted eighteen years. The court found marital misconduct on the part of Mr. Harlan. He contributed about 85% of the income to the family while Mrs. Harlan contributed 15%. However, she acted as homemaker and primary caretaker of their four children. Mr. Harlan's earning potential is much greater than Mrs. Harlan's. There is no evidence of nonmarital property held by either spouse or support obligations to another marriage. Alimony and child support have been awarded to Mrs. Harlan and she has been given exclusive possession of the marital home as previously indicated. Correspondingly, she is to assume responsibility for payment of the mortgages. The court considered the liens and encumbrances on the marital property to the extent the parties presented evidence on this issue. Taking all these matters into consideration we find no error by the trial court in its apportionment of the marital property. This court on review looks to the overall fairness of the apportionment. *Johnson v. Johnson,* 296 S. C. 289, 372 S. E. (2d) 107 (Ct. App. 1988), *cert. denied,* 298 S. C. 117, 378 S. E. (2d)

445 (1989). The family court's judgment will not be reversed absent a clear abuse of discretion. *Bryan v. Bryan,* 296 S. C. 305, 372 S. E. (2d) 116 (Ct. App. 1988). We find no abuse of discretion.

The decision of the family court is

Affirmed in part, affirmed as modified in part, and reversed in part.

SHAW and BELL, JJ., concur.