198

530 S.E.2d 400

Punky Brewer HUDSON, Respondent,

v.

Thomas Lee HUDSON, Appellant.

No. 3154.

Court of Appeals of South Carolina.

Heard Feb. 9, 2000.
Decided April 24, 2000.

William R. Phipps, of Hilton Head Island, for appellant.

Deborah R.J. Shupe, of Louthian & Louthian, of Columbia, for respondent.

HOWARD, Judge:

This is an appeal from a divorce action involving the award of the dependent tax exemption and the obligation to pay a portion of the child's unreimbursed medical expenses. The family court awarded the dependent tax exemption to the supporting, non-custodial, parent for six years, with an automatic shift of the exemption at the end of that period to the custodial spouse based upon her expected matriculation from school, anticipated income upon graduation, and expected increases in child care expenses. The family court also ordered that all of the minor child's unreimbursed future medical and dental bills be divided pro rata between the parties. Thomas Lee Hudson appeals. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

Thomas Lee Hudson (the father) and Punky Brewer Hudson (the mother) married in 1994 and divorced on February 23, 1998, after more than one year's separation. A son, born January 10, 1995, is the only child of the marriage. The family court bifurcated the issue of divorce from issues concerning the child, and held a separate hearing to determine custody, child support, visitation and equitable distribution on May 14, 1998.

On May 26, the court granted custody to the mother. The court allocated the dependent tax exemption to the father for tax years 1998–2003 inclusive, and allocated the exemption to the mother beginning with the 2004 tax year. The basis for this change was twofold. The family court anticipated that the mother would graduate from a college or technical school, and generate a regular income. The family court also anticipated an increase in the son's expenses upon the mother's graduation. The court further ordered the division of the son's unreimbursed future health expenses on a pro rata basis.

On appeal, the father argues the family court erred in transferring the benefit of the dependent tax exemption to the mother at the end of six years absent a present change in circumstances. Second, the father argues the court erred in failing to limit his pro rata obligation for future unreimbursed medical and dental expenses for the son to extraordinary

expenses, defined under the Child Support Guidelines as those unreimbursed expenses over $250 per year.

## LAW/ANALYSIS

### I. Tax Exemption

As an initial matter, the mother contends any issue regarding the allocation of the dependent tax exemption is not preserved for review because the father failed to mention the issue in his pleadings. *See Abbott v. Gore,* 304 S.C. 116, 119, 403 S.E.2d 154, 156 (Ct.App.1991) (holding issue of dependent tax exemption must be specifically plead, because though of "some relation," it is a "separate issue" from child support). However, the record clearly reflects the tax exemption question was tried before the court without objection. Therefore, the mother may not now complain on this ground. *See* Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."); *Simmons v. Tuomey Reg'l Med. Ctr.,* 330 S.C. 115, 125 n. 2, 498 S.E.2d 408, 413 n. 2 (Ct.App.1998) (an issue not expressly mentioned in the complaint but tried without objection and incorporated in the trial court's order is tried by consent according to Rule 15, SCRCP); *McCurry v. Keith,* 325 S.C. 441, 481 S.E.2d 166 (Ct.App.1997) (issues tried by consent will be treated as if raised in the pleadings).

The mother further argues this issue is not preserved because the father failed to object to the court's ruling or move to reconsider. However, once the tax exemption issue was raised to and ruled upon by the family court, nothing remained for the court to consider and the father correctly proceeded with his appeal. *See, e.g., Hubbard v. Rowe,* 192 S.C. 12, 19, 5 S.E.2d 187, 189 (1939) ("[A]ll that this Court has ever required is that the questions presented for its decision must first have been fairly and properly raised in the lower Court and passed upon by that Court.").

■ The father first argues the family court erred in transferring the benefit of the dependent tax exemption from him to the mother after six years, absent a present showing of a change of circumstances. We agree.

Section 20–3–130 provides, in pertinent part:

(F) The court may elect and determine the intended tax effect of the alimony and separate maintenance and support as provided by the Internal Revenue Code and any corresponding state tax provisions. *The Family Court may allocate the right to claim dependency exemptions pursuant to the Internal Revenue Code and under corresponding state tax provisions and to require the execution and delivery of all necessary documents and tax filings in connection with the exemption.*

S.C.Code Ann. § 20–3–130(F) (Supp.1999) (emphasis added).

The mother counters that this statute is contained within the provisions pertaining to alimony and spousal support, and therefore only allows the family court to allocate a dependency exemption pursuant to an award of alimony or separate maintenance and support. Therefore, the father cannot complain, because, as the custodial parent, she was entitled to the dependency exemption in each year. We disagree with this interpretation of the statute.

■ The mother's argument assumes this statutory provision applies only to cases where the court awards the exemption as an incident of *spousal* support because the first sentence of the subsection makes reference to alimony and separate support and maintenance. As our supreme court has often stated, however, where "a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning." *Ray Bell Constr. Co., Inc. v. School Dist. of Greenville County,* 331 S.C. 19, 25–26, 501 S.E.2d 725, 729 (1998) (quoting *Paschal v. State Election Comm'n,* 317 S.C. 434, 436–37, 454 S.E.2d 890, 892 (1995)). Hence, this Court cannot review a statute without regard to its plain and ordinary meaning, and "may not resort to subtle or forced construction in an attempt to *limit* or expand a statute's scope." *Id.* at 26, 501 S.E.2d 725, 501 S.E.2d at 729 (emphasis added).

Since the language of § 20–3–130(F) is clear, unambiguous, and internally consistent, we refuse to adopt the mother's constrained view of the family court's authority to allocate dependent tax exemptions. We believe the legislature, through the language employed, did not intend to make the family court's authority to allocate the right to claim dependency exemptions exclusively incident to proceedings for spousal support.

Citing *Dodge v. Dodge*, 332 S.C. 401, 505 S.E.2d 344 (Ct. App.1998) and *Josey v. Josey*, 291 S.C. 26, 351 S.E.2d 891 (Ct.App.1986), the mother next argues the lower court's order should be affirmed because "[u]nder the applicable tax laws, a custodial parent is entitled to claim the child as an [sic] dependent unless that right is relinquished in writing." These cases, however, are easily distinguished from the case at bar. While *Dodge* and *Josey* both correctly state that the custodial parent is entitled to claim the dependent tax deduction under the governing provisions of the Internal Revenue Code, neither case addresses the issue of the family court's *authority* to allocate the exemption.[1]

---

1. The applicable provision of the Internal Revenue Code states, in pertinent part:

   **(e) Support test in case of child of divorced parents, etc.—**
   **(1) Custodial parent gets exemption.**—Except as otherwise provided in this subsection, if—
   **(A)** a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents—
   (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
   (ii) who are separated under a written separation agreement, or
   (iii) who live apart at all times during the last 6 months of the calendar year, and
   **(B)** such child is in the custody of one or both of his parents for more than one-half of the calendar year,
   such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").
   **(2) Exception where custodial parent releases claim to exemption for the year.**—A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if—
   **(A)** the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such

■ Moreover, the Internal Revenue Code does not mandate that the custodial parent take the deduction. Instead, it merely outlines a "support test" that divorced parents attempting to claim the exemption must meet in order to comply with the eligibility requirements of the applicable tax laws and IRS rules. *See* I.R.C. § 152. The fact that section 152 provides a mechanism for the custodial parent to "waive" his or her entitlement to the exemption anticipates that the custodial parent may not have the option of taking it. *See* I.R.C. § 152(e)(2)(A) & (B) (providing that a noncustodial parent who obtains a written declaration from a custodial parent stating that the custodial parent will not claim the parties' child as a dependent for that tax year may then take the exemption). The majority of jurisdictions interpreting section 152 have likewise come to the same conclusion.[2] Ac-

---

custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

**(B)** the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

. . . .

**(5) Special rule for support received from new spouse of parent.**— For purposes of this subsection, in the case of the remarriage of a parent, support of a child received from the parent's spouse shall be treated as received from the parent.

I.R.C. § 152(e).

**2.** *See, e.g., Kriesel v. Gustafson,* 513 N.W.2d 9, 13 (Minn.App.1994) ("The trial court awarded the dependency exemption to [Wife] after erroneously concluding that federal law prohibited it from granting the dependency tax exemptions to [Husband] because [Husband] did not provide over one-half of the children's support. The trial court could have directed [Wife], as the custodial parent, to sign a waiver of the dependency exemption to the noncustodial parent, [Husband], if that course of action had been warranted."); *Singer v. Dickinson,* 63 Ohio St.3d 408, 588 N.E.2d 806 (1992) (Internal Revenue Code does not preempt state court's authority to allocate federal tax dependency exemption to noncustodial parent); *Jones v. Jones,* 43 Ark.App. 7, 858 S.W.2d 130 (1993) (notwithstanding subsection (e) of I.R.C. § 152 providing that custodial parent is entitled to tax exemption, state courts are not prohibited from allocating dependency tax exemption to noncustodial parent); *Hall v. Hall,* 238 Neb. 686, 472 N.W.2d 217 (1991) (any Nebraska state court having jurisdiction in divorce action has power to allocate dependency exemptions as part of divorce decree and to order custodial parent to execute waiver of his or her right to declare

cordingly, we find the allocation of a dependent tax exemption to be within the family court's discretion.[3] *See Dodge,* 332 S.C. at 418, 505 S.E.2d at 353.

■  Here, the family court reasoned that giving each party equal opportunity to claim the dependent tax exemption for their son was "the most equitable way to distribute this benefit." The exemption, however, while certainly a benefit,

tax exemptions); *Soriano v. Soriano,* 184 W.Va. 302, 400 S.E.2d 546 (1990) (state court has authority to allocate federal and state income tax child dependency exemptions to noncustodial parent and to require custodial parent to execute waiver required by Internal Revenue Code); *Serrano v. Serrano,* 213 Conn. 1, 566 A.2d 413 (1989) (state court has authority to designate which parent in dissolution action can claim dependent tax exemption for federal income tax purposes; trial court, therefore, can order custodial parent to execute declaration pursuant to I.R.C. § 152(e)(2)(A)); *Prenatt v. Stevens,* 598 N.E.2d 616 (Ind.Ct.App. 1992) (trial court has power to order former wife to execute whatever waiver documents were necessary to enable former husband to claim child as dependent for federal income tax purposes); *Wilson v. Wilson,* 831 P.2d 1 (Okla.App.1991) (trial court has power to allocate federal income tax dependency exemption for minor children of divorced parents, and to compel custodial parent to execute waiver to be attached to noncustodial parent's tax return); *Adelman v. Adelman,* 878 S.W.2d 871 (Mo.App.1994) (trial court may compel custodial parent to execute consent form permitting noncustodial parent/child support obligor to claim minor children as exemptions on income tax returns); *Hughes v. Hughes,* 72 Ohio App.3d 286, 594 N.E.2d 653 (1991) (affirming former wife's contempt citation for disobeying court order and refusing to sign waiver form advising IRS that former husband, as noncustodial parent, would be taking dependent tax exemptions); *McKenzie v. Jahnke,* 432 N.W.2d 556 (N.D.1988) (trial court had jurisdiction to award income tax dependency exemptions to noncustodial parent by requiring custodial parent to execute necessary waiver); *Nichols v. Tedder,* 547 So.2d 766 (Miss.1989) (trial court may allocate tax dependency exemption by ordering custodial parent to sign required release of right to exemption). *But see Blanchard v. Blanchard,* 401 S.E.2d 714 (Ga.1991) (state trial court is not authorized to award federal income tax dependency exemption by ordering custodial parent to execute waiver required by Internal Revenue Code; such award would be an exertion of the power of taxation and that power is not subject to state control); *Voelker v. Voelker,* 520 N.W.2d 903 (S.D.1994) (trial courts do nothave the authority to award dependency exemptions for federal income taxes because federal tax law mandates that the exemption goes to the custodial parent).

**3.**  Of course, this is not to say the parent awarded the exemption will in fact qualify to take it under the support test promulgated in I.R.C. § 152.

should not be considered an asset subject to equitable distribution. In *Kriesel v. Gustafson,* the Minnesota Court of Appeals addressed this precise issue:

> The trial court's characterization that the right to claim children as a tax exemption as property to be valued in a dissolution proceeding is neither accurate nor appropriate. [Wife] cannot sell or transfer this right to any person other than [Husband]. [Wife] contends that she cannot use the dependency deduction as loan collateral. The only benefit [Wife] receives from this tax deduction is a decreased tax liability and a resulting increase in net income in future years.... The amount of the exemptions and benefit received are unknown at this time because the amount is dependent on any future changes in the tax codes and [Wife]'s income.
>
> . . . .
>
> [I]t is important to examine the underlying purpose for the dependency tax exemption. Unlike the many cases regarding tax consequences relative to marital property, this case involves tax consequences relative to child custody.... The dependency exemption relates to an exemption for the party who provided[.] ... more than 50% of the financial support [for] the child during the year in which the exemption is claimed. *See* 26 U.S.C. § 152(e)(1).

*Kriesel,* 513 N.W.2d 9, 12, 14 (Minn.Ct.App.1994). *See also Hutchinson v. Hutchinson,* 85 Ohio App.3d 173, 619 N.E.2d 466 (1993) (trial court did not abuse its discretion in declining to consider income of mother's new spouse in determining whether it was in children's best interest to modify dissolution decree to allow mother to claim children as dependents for tax purposes); *In re Marriage of Ford,* 851 P.2d 295 (Colo.App. 1993) (trial court was authorized to modify terms of original dissolution decree, which awarded tax exemptions for both children to father, on showing by mother of substantial and continuing change of circumstances); *Monterey County v. Cornejo,* 53 Cal.3d 1271, 283 Cal.Rptr. 405, 812 P.2d 586 (1991) (court's allocation of tax exemption for minor child to noncustodial parent in enforcement proceeding was proper, as dependency exemption is highly pertinent to issue of child support); *Ford v. Ford,* 592 So.2d 698 (Fla.App.1991) (in child support proceeding, trial court may order custodial parent to execute

release of federal income tax dependency exemption, and thereby transfer exemption to noncustodial parent); *Sertic v. Sertic,* 111 Nev. 1192, 901 P.2d 148 (1995) (in divorce action, district court did not err by directing parties to alternate the federal dependency tax exemption on yearly basis where the parents shared custody of the minor child).[4]

We therefore agree with the father that the rationale employed by the family court in switching the exemption to the mother in the year 2004 is flawed, as it ignores the speculative nature of predicting the parties' future financial situations.

Since the father is presently paying $774.78 in monthly child support, a full 81% of the Guideline amount, the family court abused its discretion in automatically reallocating the dependent tax exemption to the mother absent any evidence of actual changed circumstances warranting the reallocation. *See Harlan v. Harlan,* 300 S.C. 537, 543, 389 S.E.2d 165, 169 (Ct.App.1990) (modifying trial court's pre-emptive finding that child's future emancipation would not constitute a change in circumstances for child support purposes, as it had no apparent basis in the record and was therefore "analogous to an improper automatic increase in child support without a showing of a change in circumstances").

---

4. Two prior decisions of this Court touch on the question of a dependent tax exemption as it relates to child support; both are distinguishable. In *Robinson v. Tyson,* 319 S.C. 360, 364–365, 461 S.E.2d 397, 400 (Ct.App.1995), we held that the question of the modification of an *agreed upon* tax exemption does not "fall[ ] within the ambit of the pervasiveness of the Supreme Court's statement in *Moseley* [*v. Mosier,* 279 S.C. 348, 306 S.E.2d 624 (1983)] that family courts shall have 'continuing jurisdiction to do what is in the best interest of the child regardless of what the separation agreement specifies,' " because *Moseley* clearly "relates to matters that directly affect the best interests of the child, not to matters that may incidently or indirectly affect them." Here, on the other hand, we are concerned with the family court's authority to allocate the tax exemption and not with a settlement agreement. In addition, in *Abbott v. Gore,* 304 S.C. 116, 119, 403 S.E.2d 154, 156 (Ct.App.1991), we reversed the family court's award of a dependent tax exemption to the father because he failed to plead it or otherwise raise it at trial, holding that the court's finding that the issue "was within the scope of relief as it touched on the issue of child support" was erroneous. In so doing, we stated that the issue of the dependency exemption, though of "some relation," is a "separate issue" from child support. Again, the case at bar may be distinguished as the tax exemption issue was tried by consent despite the father's failure to plead it.

Accordingly, we reverse the family court's order to the extent that it provides for an automatic transfer of the dependent tax exemption from the father to the mother in the year 2004, and remand for the family court to enforce the allocation of the dependent exemption. We note, however, that the mother may petition for reallocation of the exemption based upon changed circumstances, and the family court may decide whether a change in circumstances has been shown under the facts as they then exist.

## II. Medical Expenses

■ The father next contends the court erred in ordering the parties to proportionally split unreimbursed future health expenses incurred by their son without specifying that the mother, as the custodial parent, is obligated to bear the first $250 of such expenses each year. We agree.

The trial court ordered the parties to "split, pro-rata, any uncovered medical and dental expenses." The mother first argues this issue is not preserved because the father did not object at the hearing or file a post-trial motion to alter or amend. Alternatively, the mother asserts that because the father, in his responsive pleadings, agreed the parties should split uncovered medical expenses equally, he is barred from claiming on appeal that she should pay the first $250. As noted in the discussion of the previous issue, however, the father is under no obligation to object to the trial court's decision on an issue already raised to and ruled on by the court. In addition, the mother's assertion that the issue is barred by an "agreement" made by the father in the pleadings ignores the fact that the father, in his Answer, specifically asked the court to allocate unreimbursed medical expenses equally, while the final order requires him to pay a proportional share, in this instance 81%. Obviously there was no agreement on this issue.

We conclude that the father should not be required to forfeit his right to have the mandatory South Carolina Child Support Guidelines applied as enacted. In 1989, the legislature amended section 43–5–580(b) of the Code to include the following:

The department [of social services] shall promulgate regulations which establish guidelines for minimum contributions

*which must be applied by the courts* in determining the amount that an absent parent is expected to pay toward the support of a dependent child. . . .

S.C.Code Ann. § 43–5–580(b) (Supp.1999) (emphasis added). Thereafter, the Guidelines were promulgated as regulations of the Department of Social Services. *See* 27 S.C.Code Ann. Regs. 114–4710 to –4750 (Supp.1998). Regarding health insurance for supported children, the Guidelines provide, in relevant part:

> The Guidelines are based on the assumption that the custodial parent will be responsible for up to $250.00 per year per child in uninsured medical expenses. Extraordinary medical expenses, not addressed in the [G]uidelines, are defined as reasonable and necessary uninsured medical expenses in excess of $250.00 per year per child. . . . Extraordinary unreimbursed medical expenses addressed by the court shall be divided in pro rata percentages based on the proportional share of combined monthly adjusted income, on Line 8, Worksheet A.

*Id.* at 114–4720(F).[5]

The Guidelines clearly indicate the custodial parent should pay the first $250 of unreimbursed medical expenses for each child. However, the Guidelines grant the family court the discretion to modify the amount of child support that would result from application of the Guidelines, as follows:

> [A] different amount may be awarded upon a showing that application of the guidelines is inappropriate. When the court orders a child support award that varies significantly from the amount resulting from the application of the guidelines, the court shall make specific, written findings of those facts upon which it bases its conclusion supporting that award.
>
> . . . .
>
> Deviations from the guidelines should be the exception rather than the rule. When the court deviates, it must make written findings which clearly state the nature and extent of the variation from the guidelines. These Child Support Guidelines do not take into account the economic

---

5. The 1999 amendment rewrote this regulation, but the applicable language can be found in 27 S.C.Code Ann.Reg. 114–4720(G) (Supp. 1999).

impact of the following factors which can be possible reasons for deviation:

(5) Unreimbursed extraordinary medical/dental expenses for the noncustodial or custodial parent. . . .

S.C.Code Ann.Regs. 114–4710(A)(1) & (B) (Supp.1998). In this case, the family court did not address any specific factors or make any written findings presenting a basis for deviation from the Guidelines. As such, we find the family court erred by including usual and customary expenditures in the pro rata division. *See Miller v. Miller*, 299 S.C. 307, 314, 384 S.E.2d 715, 719 (1989) ("In instances where the [Child Support] Guidelines are utilized, they must be used properly."); *but see RGM v. DEM*, 306 S.C. 145, 150–151, 410 S.E.2d 564, 567–568 (1991) (in case utilizing Guidelines, supreme court found no abuse of discretion despite appellant's claim that family court's 60/40 apportionment of childrens' uncovered medical bills was an improper allocation based on the court's use of the same percentage as for the distribution of marital property, where appellant made no "affirmative showing to the contrary").

Accordingly, we reverse the family court's determination that the unreimbursed health expenses should be split pro rata without accounting for the custodial parent's responsibility to bear the first $250 per year.

For the foregoing reasons, the decision of the family court is **REVERSED AND REMANDED.**

GOOLSBY and CONNOR, JJ., concur.