THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jessica Clark, Respondent,
    v.
 Michael Martin, Appellant.
 
 
 

Appeal From York County
Georgia V. Anderson, Family Court Judge

Unpublished Opinion No.   2011-UP-126 
 Submitted February 1, 2011  Filed March
28, 2011

AFFIRMED

 
 
 
 Michael Martin, of Springfield, Illinois, pro se.
 Daniel D. D'Agostino, of York, for Respondent.
 
 
 

PER CURIAM:  Michael Martin (Father) appeals the
 family court's order modifying child support.  Martin argues the family court
 erred in (1) granting a tax dependency exemption to Jessica Clark (Mother) and
 requiring him to share in the uncovered medical expenses for their minor child
 and (2) awarding attorney's fees to Mother.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following
 authorities: 
1. As
 to whether the family court erred in granting
 a tax dependency exemption to Mother and requiring Father to share in the
 uncovered medical expenses for their minor child: Hudson v. Hudson, 340
 S.C. 198, 204, 207, 530 S.E.2d 400, 403-05 (Ct. App. 2000) (stating the
 allocation of a dependent tax exemption is within the family court's discretion
 and will not be reversed absent an abuse of discretion); id. at 207, 530
 S.E.2d at 405 (holding the family court may transfer the benefit of the
 dependent tax exemption upon a sufficient showing of a change of circumstances); Upchurch v. Upchurch, 367 S.C. 16, 26, 624 S.E.2d 643, 647 (2006)
 ("A child support award rests in the discretion of the [family court], and
 will not be altered on appeal absent abuse of discretion."); Id. at
 26, 624 S.E.2d at 647-48 ("The family court may always modify child support
 upon a proper showing of a change in either the child's needs or the supporting
 parent's financial ability."); Campbell v. McPherson, 268 S.C. 444,
 448, 234 S.E.2d 774, 775 (1977) ("[T]he increased cost of living, as well
 as the increased cost of maintaining the child, now of high school age,
 requires a greater contribution from [Father], whose earning capacity has risen
 significantly."); see also Rule 220(c), SCACR ("The appellate
 court may affirm any ruling, order, decision or judgment upon any ground(s) appearing
 in the Record on Appeal.").                        
2.  As to
 whether the family court erred in awarding attorney's fees to Mother: Patel
 v. Patel, 359 S.C. 515, 533, 599 S.E.2d 114, 123 (2004) ("An award of
 attorney's fees rests within the sound discretion of the [family court] and
 should not be disturbed on appeal unless there is an abuse of discretion.").   
   
AFFIRMED.
 FEW,
 C.J., THOMAS and KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.