THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia
 Michelle Brandenburg, Respondent,
 
 
 

v.

 
 
 
 Victor Edward
 Pysher, Jr., Appellant.
 
 
 

Appeal From Lexington County
Kellum W. Allen, Family Court Judge

Unpublished Opinion No.  2012-UP-151 
 Heard February 14, 2012  Filed March 7,
2012

AFFIRMED

 
 
 
 Rebecca R. West, of Lexington, for
 Appellant.
 Katherine Carruth Goode, of Winnsboro, and
 Kenneth M. Matthews, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Victor Pysher, Jr., (Father) appeals from the family court's
 order granting Patricia Brandenburg's (Mother's) request for modification of
 the parties' child support agreement, arguing the trial court erred in: (1)
 finding Mother met the increased burden of proof necessary to modify the
 parties' child support agreement, and (2) determining the parties' agreement
 would have the effect of leaving the minor child without support after the
 eldest child's emancipation.  We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:  
1. As to the
 modification of the agreement:  Simmons
 v. Simmons, 392 S.C. 412, 414, 709
 S.E.2d 666, 667 (2011) (holding that on appeal from the family court, this
 court reviews factual and legal issues de novo); Lewis v. Lewis, 392 S.C. 381, 384, 709 S.E.2d 650, 651 (2011) (noting that although this court reviews the family
 court's findings de novo, we are not required to ignore the fact that the family
 court, who saw and heard the witnesses, was in a better position to evaluate
 their credibility and assign comparative weight to their testimony); id. at 385, 709 S.E.2d at 651 (stating appellant bears the burden of convincing
 this court the family court erred in its findings); Miles v. Miles,
 393 S.C. 111, 120, 711 S.E.2d 880, 885 (2011) (clarifying that while the burden
 to prove entitlement to a modification of spousal or child support is a
 substantial one, the same burden applies whether the family court order in
 question emanated from an order following a contested hearing or a hearing to
 approve an agreement); Ables v. Gladden, 378 S.C. 558, 566, 664 S.E.2d
 442, 446 (2008) (determining that a child support obligation is continuous,
 thus, the doctrine of laches does not apply to bar enforcement of a child
 support order); Sharps v. Sharps, 342 S.C. 71, 76-77, 535 S.E.2d 913,
 916 (2000) (noting that generally courts have held changes in circumstances
 within the contemplation of the parties at the time the decree was entered do
 not provide a basis for modifying either an alimony allowance or a child
 support award; however, "there are some future changes [i.e., termination
 of child support based on the emancipation of a child] which may be in
 contemplation of the parties at the time of the decree but, due to other
 considerations, cannot be addressed at that time in the divorce decree"); Henderson
 v. Henderson, 298 S.C. 190, 196, 379 S.E.2d 125, 129 (1989) (holding the
 family court is "empowered to modify child support upon a proper showing
 of a change in either the child's needs or the supporting parent's financial
 ability"); Moseley v. Mosier, 279 S.C. 348, 351, 306 S.E.2d 624,
 626 (1983) ("[F]amily courts have continuing jurisdiction to do whatever
 is in the best interests of the child regardless of what the separation
 agreement specifies."); Major v. Major, 277 S.C. 318, 321, 286
 S.E.2d 666, 668 (1982) (rejecting the father's argument that the mother waived
 her claim to retroactive relief by failing to request assistance and holding a
 parent may not waive a child's right to support by agreement or otherwise); Blackwell
 v. Fulgum, 375 S.C. 337, 343-44, 652 S.E.2d 427, 430 (Ct. App. 2007)
 (holding when one of multiple children reaches majority, the family court does
 not extend the parent's support obligation on behalf of the emancipated child,
 but simply continues the existing support agreement for the benefit of the
 other minor children until such time as the court, upon request of the
 supporting parent, can calculate a proper reduction in the support obligation
 based on a showing of changed circumstances); Smith-Cooper v. Cooper,
 344 S.C. 289, 295, 543 S.E.2d 271, 274 (Ct. App. 2001) (determining that where
 an agreement is clear on its face and unambiguous, "the court's only
 function is to interpret its lawful meaning and the intent of the parties as
 found within the agreement"); Harlan v. Harlan, 300 S.C. 537, 543,
 389 S.E.2d 165, 169 (Ct. App. 1990) (modifying the order of the court to
 provide the father may petition for a modification of child support upon the
 emancipation of the oldest child, and the family court may decide whether a
 change in circumstances has been demonstrated under the facts as they then
 exist); Corley v. Rowe, 280 S.C. 338, 342, 312 S.E.2d 720, 723 (Ct. App.
 1984) (ruling the question of child support is largely within the discretion of
 the family court, and the decision will not be disturbed on appeal absent an
 abuse of discretion); 7A C.J.S. Attorney
 & Client § 197 (2004) ("[O]ne who undertakes presentation of one's
 own case has no greater right than other litigants but must expect and receive
 the same treatment and consideration as if represented by an attorney and must
 be prepared to accept the consequences of one's own incompetence, mistakes, and
 errors.").
2. As to child support: 
 Rule 208(b)(1)(D), SCACR (requiring citation to authority in the argument
 section of an appellant's brief); Staubes v. City
 of Folly Beach, 339 S.C. 406, 412, 529
 S.E.2d 543, 546 (2000) ("It is well-settled that an issue cannot be raised
 for the first time on appeal, but must have been raised to and ruled upon by
 the trial court to be preserved for appellate review."); First
 Sav. Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting
 when a party fails to cite authority or when the argument is simply a
 conclusory statement, the party is deemed to have abandoned the issue on
 appeal); Chastain v. Hiltabidle, 381 S.C. 508, 515, 673 S.E.2d 826, 829
 (Ct. App. 2009) (holding when an issue is raised to, but not ruled upon by the
 trial court, the issue is preserved for appeal only if the party raises the
 same issue in a Rule 59(e), SCRCP, motion).

AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.