**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Michele M. Pelletier, Respondent,

v.

Mark G. Pelletier, Appellant.

Appellate Case No. 2011-197826

Appeal From Richland County
Anne Gué Jones, Family Court Judge

Unpublished Opinion No. 2014-UP-030
Heard November 13, 2013 – Filed January 22, 2014

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED**

Howard S. Sheftman, of Finkel Law Firm, and Emma I. Bryson, of Bryson Law Office, LLC, both of Columbia, for Appellant.

Thomas M. Neal, III, of Law Offices of Thomas M. Neal, III, and Yulee E. Harrelson, both of Columbia, for Respondent.

**PER CURIAM:** This appeal arises from the family court's final order of divorce. On appeal, Appellant Mark Pelletier (Husband) argues the family court erred by: (1) transmuting Husband's nonmarital assets; (2) valuing Husband's dental office building; (3) equitably dividing marital property; and (4) awarding attorney's fees. We affirm in part, reverse in part, and remand.

1. We find the family court did not abuse its discretion in determining the dental practice, dental office building, and lake lot were transmuted into marital property. The evidence in the record supports a finding that during the marriage, the parties intended to treat the disputed property as marital property. *See Myers v. Myers*, 391 S.C. 308, 313, 705 S.E.2d 86, 89 (Ct. App. 2011) ("In appeals from the family court, this court may find facts in accordance with its own view of the preponderance of the evidence."); S.C. Code Ann. § 20-3-630(A) (Supp. 2012) (defining "marital property" as "all real and personal property which has been acquired by the parties during the marriage and which is owned as of the date of filing or commencement of marital litigation"); *Fitzwater v. Fitzwater*, 396 S.C. 361, 367, 721 S.E.2d 7, 10 (Ct. App. 2011) (providing nonmarital property "can be . . . transmuted into marital property and become subject to equitable division if the property: (1) becomes so commingled with marital property as to be untraceable; (2) is utilized by the parties in support of the marriage; or (3) is titled jointly or otherwise utilized in such a manner as to evidence an intent by the parties to make the property marital property"); *Johnson v. Johnson*, 296 S.C. 289, 295, 372 S.E.2d 107, 110 (Ct. App. 1988) ("[T]ransmutation is a matter of intent to be gleaned from the facts of each case."); *id.* at 295, 372 S.E.2d at 110-11 ("The spouse claiming transmutation must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage."); *Pittman v. Pittman*, Op. No. 27352 (S.C. Sup. Ct. filed Jan. 15, 2014) (Shearouse Adv. Sh. No. 2 at 93) (holding the husband's land survey business was transmuted, relying in part on the husband paying the wife a high salary and contributing to the wife's retirement account with the expectation that it would benefit both parties during their retirement).

2. As to whether the family court erred by valuing the dental office building at $1,363,455 based upon the testimony of court-appointed appraiser Calhoun Kennedy, we find no abuse of discretion because the family court's valuation of the dental office building was within the range of values testified to at trial. *See Skipper v. Skipper*, 290 S.C. 412, 414, 351 S.E.2d 153, 154 (1986) (holding absent an agreement between the parties to the contrary, the family court should divide property according to value); *Pirri v. Pirri*, 369 S.C. 258, 264, 631 S.E.2d 279, 283

(Ct. App. 2006) (noting when valuing marital assets, the "family court may accept the valuation of one party over another, and the court's valuation of marital property will be affirmed if it is within the range of evidence presented"); *Fuller v. Fuller*, 370 S.C. 538, 546-47, 636 S.E.2d 636, 641 (Ct. App. 2006) (providing "the family court has broad discretion in valuing marital property"); *Smith v. Smith*, 294 S.C. 194, 198, 363 S.E.2d 404, 407 (Ct. App. 1987) ("The weight that the trial court affords the testimony of witnesses, including parties, is discretionary with the trial court.").

3. As to whether the family court erred in equitably dividing marital property, we find no abuse of discretion because the family court properly considered the relevant statutory factors and the apportionment was both fair and equitable. *See Pruitt v. Pruitt*, 389 S.C. 250, 269, 697 S.E.2d 702, 713 (Ct. App. 2010) ("The apportionment of marital property is within the discretion of the family court and will not be disturbed on appeal absent an abuse of discretion."); S.C. Code Ann. § 20-3-620(B) (Supp. 2012) (providing fifteen factors the family court is to consider in apportioning the marital estate, but also affording the family court discretion to give such weight to each factor as it finds appropriate); *Doe v. Doe*, 370 S.C. 206, 213-14, 634 S.E.2d 51, 55 (Ct. App. 2006) ("On appeal, this court looks to the overall fairness of the apportionment, and it is irrelevant that this court might have weighed specific factors differently than the family court."). Additionally, the family court did not err by making findings concerning Husband's character, conduct, and testimony at trial. The family court was entitled to make credibility findings, and the findings are supported by the record. *See Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[W]hile retaining the authority to make our own findings of fact, we recognize the superior position of the family court judge in making credibility determinations." (footnote omitted)); *Gandy v. Gandy*, 297 S.C. 411, 414, 377 S.E.2d 312, 313-14 (1989) ("Custody is based on a determination of the character, fitness, attitude and inclinations on the part of each parent."). Further, regarding whether the family court erred by requiring Husband to make post-divorce mortgage payments to Wife, we find this issue is unpreserved. Husband failed to raise any issues concerning the nature of the interest-only loan or the disposition of the marital home mortgage payments to the family court during trial or in either of his Rule 59(e), SCRCP, motions. *See Buist v. Buist*, 399 S.C. 110, 124, 730 S.E.2d 879, 886 (Ct. App. 2012) (providing an issue raised for the first time on appeal is unpreserved).

4. As to whether the family court erred by requiring Husband to secure the child support award with a $500,000 life insurance policy naming Wife as the

beneficiary, we reverse and remand.  Neither the family court's order nor its two orders responding to Husband's Rule 59(e) motions provide special circumstances as to why Husband is required to maintain a life insurance policy to secure child support payments.  Accordingly, we reverse the family court's order requiring Husband to maintain a life insurance policy to secure the child support payments and remand to make factual findings of any special circumstances requiring security for the child support award.  *See Wooten v. Wooten*, 364 S.C. 532, 553, 615 S.E.2d 98, 109 (2005) (finding the family court may order the payor spouse to obtain life insurance as security for an alimony or child support obligation if the supported spouse can demonstrate the existence of special circumstances with reference to the need for the security and the payor spouse's ability to provide it); *id.*  ("If a need for security is found, the family court should next consider the payor spouse's ability to secure the award with life insurance, *i.e.*, the payor spouse's age, health, income earning ability, accumulated assets, insurability, cost of premiums, and insurance plans carried by the parties during the marriage.").  If the family court determines special circumstances exist to require a life insurance policy to secure the child support award, the court should order Husband to maintain a policy only in an amount proportionate to his child support obligation.  Additionally, if security for the child support award is warranted, the family court should order Husband to name the children as the beneficiaries to the life insurance policy.  *See Harlan v. Harlan*, 300 S.C. 537, 540, 389 S.E.2d 165, 167 (Ct. App. 1990) ("The family court may require a supporting spouse to maintain a life insurance policy *naming the child as beneficiary* to insure the continued support of the child." (emphasis added)).

5.  Because we reverse and remand on the life insurance issue, we also remand for the family court to reconsider attorney's fees.  *See Crossland v. Crossland*, 397 S.C. 406, 418, 725 S.E.2d 509, 516 (Ct. App. 2012) (reversing and remanding for the family court to reconsider the issue of attorney's fees when substantive results achieved by counsel were reversed on appeal).

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**