**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christopher Kinloch, Respondent,

v.

Chelita Pinkney, Appellant.

Appellate Case No. 2012-212873

Appeal From Charleston County
Jack A. Landis, Family Court Judge

Unpublished Opinion No. 2014-UP-153
Submitted January 1, 2014 – Filed April 2, 2014

**AFFIRMED**

Jon A. Mersereau, of Charleston, for Appellant.

Robert Paul Taylor, of Taylor Law Firm, LLC, of Myrtle Beach, for Respondent.

**PER CURIAM:**  Chelita Pinkney (Mother) appeals the family court's order awarding Christopher Kinloch (Father) sole custody of their minor child (Child) and finding Mother in contempt, arguing the family court erred in (1) finding Mother in contempt for failing to pay the guardian ad litem's (GAL's) fees, (2) considering whether to award Father sole custody of Child when he did not file an

amended complaint, and (3) awarding Father sole custody of Child.[1]  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding Mother in contempt for failing to pay the GAL's fees: *Abate v. Abate*, 377 S.C. 548, 553, 660 S.E.2d 515, 518 (Ct. App. 2008) ("Contempt results from a willful disobedience of a court order. Willful disobedience requires an act to be done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.  A party seeking a contempt finding for violation of a court order must show the order's existence and facts establishing the other party did not comply with the order." (citations and internal quotation marks omitted)).[2]

2. As to whether the family court erred in considering whether to award Father sole custody of Child when he did not file an amended complaint: Rule 15(b), SCRCP ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues."); *Hudson v. Hudson*, 340 S.C. 198, 201, 530 S.E.2d 400, 401 (Ct. App. 2000) (holding the mother failed to preserve an issue

---

[1] Although Father did not file a brief, we address the merits of the appeal as presented to this court in Mother's brief.  *See* Rule 208(a)(4), SCACR (providing "the appellate court may take such action as it deems proper" if the respondent fails to file a brief).

[2] Any argument the family court erred in finding Mother in contempt before it began the final hearing is abandoned because Mother does not cite to any supporting authority.  *See Broom v. Jennifer J.*, 403 S.C. 96, 115, 742 S.E.2d 382, 391 (2013) ("Issues raised in a brief but not supported by authority may be deemed abandoned and not considered on appeal.").  Additionally, Mother claims the family court was biased towards Mother because it found her in contempt. However, this issue is not preserved for our review because Mother never raised this issue at trial.  *See Gaddy v. Douglass*, 359 S.C. 329, 350, 597 S.E.2d 12, 23 (Ct. App. 2004) (holding the issue of a trial judge's impartiality cannot be raised for the first time on appeal).

when the record clearly reflected the issue was tried by consent before the family court without objection).

3. As to whether the family court erred in awarding Father sole custody of Child: *Cook v. Cobb*, 271 S.C. 136, 140, 245 S.E.2d 612, 614 (1978) (noting the child's welfare and best interest are paramount in determining child custody); *Woodall v. Woodall*, 322 S.C. 7, 11, 471 S.E.2d 154, 157 (1996) (providing in determining custody, "[t]he family court must consider the character, fitness, attitude, and inclinations on the part of each parent as they impact the child"); *Parris v. Parris*, 319 S.C. 308, 310, 460 S.E.2d 571, 572 (1995) ("[T]he totality of the circumstances peculiar to each case constitutes the only scale upon which the ultimate decision [of child custody] can be weighed."); *Sheila R. v. David R.*, 396 S.C. 41, 48-49, 719 S.E.2d 682, 685-86 (Ct. App. 2011) (holding the family court did not err in awarding full custody of a minor child to the father because the mother demonstrated a pattern of inflexibility and uncooperativeness with the father).

**AFFIRMED.**[3]

**FEW, C.J., and PIEPER and KONDUROS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.