**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tonia Monique Boose, Appellant,

v.

Fernando Darnell Boose, Respondent.

Appellate Case No. 2019-000366

———————

Appeal From York County
Tony M. Jones, Family Court Judge

———————

Unpublished Opinion No. 2022-UP-026
Submitted December 1, 2021 – Filed January 12, 2022

———————

**AFFIRMED**

———————

Melinda Inman Butler, of Butler Law Firm, of Union, for Appellant.

James Wilson Tucker, Jr., and George Edgar Anderson, V, both of McKinney Tucker & Lemel, of Rock Hill, for Respondent.

———————

**PER CURIAM:** In this family court case, Tonia Boose (Mother) appeals, arguing the family court erred in: (1) ordering a joint custody schedule that is contrary to the children's best interests; (2) finding Fernando Boose's (Father's) vehicle debt was marital debt subject to a 50/50 division; (3) ordering Father to claim the

parties' daughter as a dependent on his tax returns; and (4) ordering Mother to pay Father's attorney's fees and costs. After our de novo review, we affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. We find the court did not err in awarding joint custody of the children because exceptional circumstances existed. *See* S.C. Code Ann. § 63-3-530(A)(20), (42) (2010) (providing the family court has exclusive jurisdiction to award the custody of the children to either spouse, or to order joint or divided custody where the court finds it is in the best interests of the child); S.C. Code Ann. § 63-15-230 (Supp. 2020) ("(A) The court shall make the final custody determination in the best interest of the child based upon the evidence presented. (B) The court may award joint custody to both parents or sole custody to either parent. (C) If custody is contested or if either parent seeks an award of joint custody, the court shall consider all custody options, including, but not limited to, joint custody, and, in its final order, the court shall state its determination as to custody and shall state its reasoning for that decision. (D) Notwithstanding the custody determination, the court may allocate parenting time in the best interest of the child."); *Brown v. Brown*, 362 S.C. 85, 90, 606 S.E.2d 785, 788 (Ct. App. 2004) ("The paramount and controlling factor in every custody dispute is the best interests of the children."); *Patel v. Patel*, 347 S.C. 281, 285, 555 S.E.2d 386, 388 (2001) (*Patel I*) ("The family court considers several factors in determining the best interest of the child, including: [1] who has been the primary caretaker; [2] the conduct, attributes, and fitness of the parents; [3] the opinions of third parties (including [the Guardian ad Litem], expert witnesses, and the children); and [4] and the age, health, and sex of the children."); *id.* ("When determining to whom custody shall be awarded, all the conflicting rules and presumptions should be weighed together with all the circumstances of the particular case, and all relevant factors must be taken into consideration."); *Lewis v. Lewis*, 400 S.C. 354, 365, 734 S.E.2d 322, 327 (Ct. App. 2012) ("Although the legislature gives family court judges the authority 'to order joint or divided custody whe[n] the court finds it is in the best interests of the child,' . . . joint or divided custody should only be awarded whe[n] there are exceptional circumstances." (omission by court) (quoting *Patel v. Patel*, 359 S.C. 515, 528, 599 S.E.2d 114, 121 (2004) (*Patel II*))).

2. We find Mother failed to meet her burden of proving Father's vehicle debt is nonmarital; thus, the family court did not err in finding Father's vehicle debt was incurred for the joint benefit of the parties during the marriage and was marital debt subject to a 50/50 division. *See Wooten v. Wooten*, 364 S.C. 532, 546, 615 S.E.2d 98, 105 (2005) ("[A] 'marital debt' is a debt incurred for the joint benefit of the parties regardless of whether the parties are legally liable or whether one party

is individually liable."); *id.* ("Marital debt, like marital property, must be specifically identified and apportioned in equitable distribution."); S.C. Code Ann. § 20-3-620(B)(13) (2014) (providing in making an apportionment of marital property pursuant to a divorce, the court must give weight in such proportion as it finds appropriate to "liens and any other encumbrances upon the marital property, which themselves must be equitably divided, or upon the separate property of either of the parties, and any other existing debts incurred by the parties or either of them during the course of the marriage."); *Wooten*, 364 S.C. at 546, 615 S.E.2d at 105 ("This statute creates a rebuttable presumption that a debt of either spouse incurred prior to the beginning of marital litigation is a marital debt and must be factored in the totality of equitable apportionment."); *id.* at 547, 615 S.E.2d at 105 ("When the debt is incurred before marital litigation begins, the burden of proving a debt is nonmarital rests upon the party who makes such an assertion."). We find Mother's summary statements concerning Father's IRS debt and loans she states were premarital and her credit card debt are abandoned and decline to address them. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal).

3.      We find no error in the family court's decision to award Mother a tax deduction for their son and Father a tax deduction for their daughter because the parties had joint custody of the children. *See* S.C. Code Ann. § 20-3-130(F) (2014) ("The Family Court may allocate the right to claim dependency exemptions pursuant to the Internal Revenue Code and under corresponding state tax provisions and to require the execution and delivery of all necessary documents and tax filings in connection with the exemption."); *Hudson v. Hudson*, 340 S.C. 198, 205, 530 S.E.2d 400, 403-04 (Ct. App. 2000) (stating the allocation of a dependent tax exemption is within the family court's discretion); *id.* at 203, 530 S.E.2d at 402-03 (noting the custodial parent is entitled to claim the dependent tax deduction under the governing provisions of the Internal Revenue Code).

4.      We find the family court did not err in ordering Mother to pay Father's attorney's fees and costs because the court properly considered all the factors in determining who should pay the parties' attorneys' fees and the amount of the fees. *See Thornton v. Thornton*, 428 S.C. 460, 477, 836 S.E.2d 351, 360 (Ct. App. 2019) ("Section 20-3-130(H) of the South Carolina Code (2014) authorizes the family court to order payment of litigation expenses such as attorney's fees, expert fees, and investigation fees to either party in a divorce action."); *Reiss v. Reiss*, 392 S.C. 198, 210, 708 S.E.2d 799, 805 (Ct. App. 2011) ("The award of attorney's fees in a domestic action rests within the sound discretion of the family court."); *E.D.M. v.*

*T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing there are four factors a family court should consider in determining whether attorney's fees should be awarded to a party: "(1) the party's ability to pay his/her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee on each party's standard of living."); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (stating in determining a reasonable attorney's fee, there are six factors a family court should consider: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services."); *Thornton*, 428 S.C. at 477, 836 S.E.2d at 360 ("In awarding attorney's fees, the family court must make specific findings of fact on the record for each of the required factors.").

**AFFIRMED.**[1]

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.